LADEN et al. v. MECK et al.

(Circuit Court of Appeals Sixth Circuit. July 1, 1904.)

No. 1,275.

1. REMOVAL OF CAUSES—PETITION—ALLEGATION OF CITIZENSHIP.

An allegation in a petition for removal, merely, that certain of the petitioners are "residents" of a state other than that of which plaintiff is a citizen, and that none of the petitioners are "residents and citizens" of the state whereof the plaintiff is a citizen, is insufficient to give the federal court jurisdiction.

2. SAME—SEPARABLE CONTROVERSY.

To authorize a removal by one or more of the defendants on the ground that there is a separable controversy which is "wholly between citizens of different states," it must appear from the petition that each party to the controversy is a citizen of some state.

3. SAME.

The question whether there is a separable controversy in a suit, which will authorize its removal, must be determined by the state of the pleadings and the record at the time of filing the petition for removal.

---

¶ 1. Averments of citizenship to show jurisdiction of federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

See Removal of Causes, vol. 42, Cent. Dig. §§ 170, 173.

¶ 2. Separable controversy as ground for removal of cause to federal courts, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

This is a suit originally brought in the court of common pleas for Wyandotte county, Ohio, by Meck against the other appellees and the appellants, for the specific performance of a contract in writing for the sale to him by the said John A. Mathews and Rumina E., Anna, and David Ayres of a parcel of land in Upper-Sandusky, in said county. The petition alleged the contract of sale, the performance of the contract by the petitioner, the refusal of the vendors to make the deed stipulated for in the contract, and the tender of the purchase money, which he brought into court. The petition represented that Ida Hurst Mathews was the wife of John A. Mathews, and claimed some interest in the premises, and that the other defendants asserted claims by way of assignments of parts of the purchase money, or, as in the case of the defendants Laden, by liens acquired by attachment, or, as in the case of other defendants, by liens upon the purchase money. The case was removed into the Circuit Court of the United States upon the petition of the defendants John A. and Ida Hurst Mathews and Rumina E., Anna, and David Ayres. A motion was made by the defendant Fraser to remand the case to the state court upon the grounds that the petition for removal did not show sufficient facts to give jurisdiction to the Circuit Court of the United States, and because there was no separable controversy. The motion was denied. Pleadings were filed by the defendants, and proofs were taken before the master, whose report was confirmed by the decree of the court. The decree, which was for the enforcement of the contract, declared the rights of the various parties, and, among other things, denied the claim of the defendants Laden. These last-named parties thereupon appealed to this court.

Foran, McTighe & Gage, for appellants.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge, having made the preceding statement, delivered the opinion of the court.

When this appeal came on for hearing, it was observed that a question concerning the jurisdiction of the court below was presented by the record, but we consented to pass it and hear the arguments of counsel upon the merits. Upon consideration we are convinced that the removal into the Circuit Court was unauthorized, and that we cannot consider its decree upon the merits.

In view of the facts that the only concern of the removing defendants was with the question whether their contract with the complainant should be specifically enforced, while the other defendants were concerned with questions relating to the disposition of the purchase money, it may be that the removing defendants had a separable controversy with the complainant. We do not, however, decide that question. The petition did not in terms claim that there was a separable controversy. In respect to the citizenship of the parties the petition alleged "that, at the time said suit was brought, the plaintiff was, and still is, a resident and citizen of the state of Ohio, and that the defendants John A. Mathews and Ida Hurst Mathews were, and still are, residents and citizens of the state of Michigan; that the defendants Rumina Ayres, David Ayres, and Anna Ayres were, and still are, residents of the state of Illinois, and that none of your petitioners herein are residents and citizens of the state of Ohio." The difficulty is that the citizenship of the defendants Ayres is not alleged. It appears only that they are residents of Illinois, and are not citizens of Ohio. It is not shown that

they are citizens of any other state, and, for aught that appears, they may have been citizens of the District of Columbia or of some territory, in which case the suit would not have been removable. Hepburn v. Ellzey, 2 Cranch, 445, 2 L. Ed. 332; New Orleans v. Winter, 1 Wheat. 91, 4 L. Ed. 44; Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825; Hooe v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049. Or, indeed, they may have been aliens. While the statute provides for the removal of some cases by aliens, in the instance of separable controversies the controversy must be "wholly between citizens of different states." It is supposed, in Dillon on Removals by Black, § 84, that "the failure to extend the right of removal in such a case is a casus omissus." But Chief Justice Waite, in King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312, 27 L. Ed. 60, demonstrates that the omission was intentional. At all events, it is clear that the parties to the separable controversy must all be citizens of states, in order to found the right of removal from the state court. And the members of each of the respective parties to that controversy must all be citizens of different states from those of the members of the opposite party. Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, 27 L. Ed. 131. And the question whether there is a separable controversy must be determined by the state of the pleadings and the record at the time of filing the petition for removal, and not by any subsequent proceedings which may be had in the case. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Wilson v. Oswego Township, 151 U. S. 56, 66, 14 Sup. Ct. 259, 38 L. Ed. 70.

It follows that the removal of this case from the state court was unauthorized. The decree of the court below must be reversed, and the cause remanded, with instructions to remand it to the state court from which it was removed; the costs of both the circuit and this court to be paid by the removing defendants.