BOARD OF TRUSTEES OF MOHICAN TP., ASHLAND COUNTY, OHIO, v. JOHNSON.

(Circuit Court of Appeals, Sixth Circuit. November 19, 1904.)

No. 1,333.

1. FEDERAL COURTS—JURISDICTION—AVERMENT OF CITIZENSHIP.

An averment in a pleading that plaintiff is a resident of a particular state is not equivalent to one that he is a citizen of that state, and is insufficient to give a federal court jurisdiction where that is dependent on diversity of citizenship.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Cummings, McBride & Wolfe, for plaintiff in error.

H. R. Smith, M. L. Smyser, and L. R. Crichfield, Sr., for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. The jurisdiction of the Circuit Court depended alone upon diversity of citizenship of the parties. It is alleged in the petition that the plaintiff "is a nonresident of the state of Ohio, being a resident of the state of Illinois." The citizenship of the plaintiff is not shown by any other part of the record. According to the averments of the petition, the defendant is a civil township and a municipal corporation of the state of Ohio. It has been many times decided that an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state. Laden v. Meek (C. C. A.) 130 Fed. 877; Everhart v. Huntsville College, 120 U. S. 223, 7 Sup. Ct. 555, 30 L. Ed. 623.

The judgment must therefore be reversed for want of jurisdiction

¶ 1. Averments of citizenship to show federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 261.

See Courts, vol. 13, Cent. Dig. § 878.

at the cost of the defendant in error, whose duty it was to put on record the essential jurisdictional facts.

If the requisite citizenship actually existed when the suit was started, and it is made to appear to the Circuit Court, it will be for that court to determine whether an amendment of the pleadings shall be allowed.