## MISSOURI PAC. R. CO. v. UNION PAC. RY. CO.

### No. 1418-N.

District Court, D. Kansas, First Division. July 15, 1931.

J. M. Challiss, W. P. Waggener, and O. P. May, all of Atchison, Kan., for plaintiff.

Thomas M. Lillard, of Topeka, Kan., for defendant.

SYMES, District Judge.

This is an action brought by the Missouri Pacific Railroad Company against the Union Pacific Railway Company, both interstate carriers, to restrain the defendant from constructing a short piece of track—less than 200 feet—to connect its line with a track of the Chicago & Great Western Railway Company at Kansas City, Kan. Complainant says that before this connection can be made a certificate of convenience and necessity must be obtained from the Interstate Commerce Commission. The defendant admits it has not applied to the Interstate Commerce Commission for such certificate, but instead has made application to the Public Service Commission of Kansas for a permit to build the piece of track in question, and that an application to the Interstate Commerce Commission is not necessary. The defendant's application to the Public Service Commission is set for a hearing within the next few days. The matter is before the court now on the motion of the plaintiff for a temporary restraining order against the defendant from proceeding therewith.

The facts are not in dispute. The plaintiff, the Union Pacific, the Chicago & Great Western Railway Company, have tracks parallel to, and adjoining each other, in Kansas City, Kan. The track of the Missouri Pacific—the same being a main line freight track—lies between the other two. Accord-

ing to the evidence the Union Pacific and the Chicago & Great Western interchanged business at this point, using a piece of track belonging to a small railroad that formed a connecting link between their lines. Thereafter this connection came into the possession of the Missouri Pacific.

On November 30, 1930 the plaintiff, the Missouri Pacific, notified the Union Pacific and Chicago & Great Western that they could no longer use this connection as an interchange track. The result of this was to compel the Union Pacific and Chicago & Great Western to interchange cars over the tracks of the Missouri Pacific; that is to say, the Union Pacific would deliver its cars destined for the Chicago & Great Western to the Missouri Pacific, which effected the transfer by switching the cars over a circuitous route through its yards and, in turn, transferred cars from the Chicago & Great Western to the Union Pacific. This operation was not so direct, involved moving the cars a considerable distance, and a payment to the Missouri Pacific of $3.60 a car.

Therefore the Union Pacific Railroad Company applied to the Public Service Commission of Kansas for permission to make a connection with the Chicago & Great Western at the point in question, by building a piece of track approximately 350 feet long, crossing the main freight line of the Missouri Pacific as aforesaid, at an estimated expenditure of $2,300.

The Transportation Act of 1920 requires all common carriers engaged in interstate commerce to obtain permission of the Interstate Commerce Commission before building new track, extending its lines into new territory, abandoning old lines, etc., with the exception (section 1, par. 22, tit. 49, USCA): "The authority of the commission conferred by paragraphs (18) to (21), both inclusive, shall not extend to the construction or abandonment of spur, industrial, team, switching, or side tracks, located or to be located wholly within one State, or of street, suburban, or interurban electric railways, which are not operated as a part or parts of a general steam railroad system of transportation." The question is whether this proposed track is within the exception.

The theory of the Transportation Act is that by encouraging and requiring interstate carriers to cut costs, increase their efficiency, and expedite service, the shipping public is benefited, and cost of transportation reduced, etc.

Obviously the proposed construction will enable the Union Pacific and the Chicago & Great Western to interchange business in the same manner they did previous to November 30, 1930. The business to be interchanged over this connection consists of freight originating on their respective lines, designated for points upon the other line. As a result neither the Union Pacific nor the Chicago & Great Western will obtain business they do not now have, nor will it enable them to invade new territory, or deprive the Missouri Pacific of freight originating in its exclusive localities. Furthermore, it will effect a great economy both in time and expense, eliminate the Missouri Pacific from the interchange operation, and the charge it now makes therefor, and the circuitous movement. The present situation puts an unnecessary burden upon the railroads concerned and the shipping public.

In my opinion the contemplated construction is clearly within the exception (supra). It cannot be said to be an extension of the Union Pacific lines. Clearly it is within the classification referred to in Texas & Pacific Ry. Co. v. Gulf, Colorado & Santa Fé Ry. Co., 270 U. S. 266, at page 278, 46 S. Ct. 263, 266, 70 L. Ed. 578: "The question whether the construction should be allowed or compelled depends largely upon local conditions, which the state regulating body is peculiarly fitted to appreciate. Moreover, the expenditure involved is ordinarily small."

It is too small a matter to require the attention of the Interstate Commerce Commission, and is undoubtedly within one of the exceptions that Congress had in mind in enacting the statute referred to.

We assume, of course, that the application will be duly considered by the Public Service Commission of Kansas, and that all proper objections presented by the plaintiff will receive careful consideration. For these reasons the application for a temporary restraining order is denied and plaintiff's exceptions saved.

Counsel for both sides stating that they have no further evidence to introduce, submit the case to the court on final hearing on the present record; and after argument the court, for the reasons already stated, is of the opinion that a permanent injunction should be denied, and the bill of complaint dismissed on its merits, and

It is so ordered.

The defendant excepts to each and every ruling of the court and is allowed 90 days to perfect its appeal.