No. 30,837.

THE UNION PACIFIC RAILROAD COMPANY, *Appellee*, v. THE MISSOURI PACIFIC RAILROAD COMPANY, *Appellant.*

(13 P. 2d 276.)

Opinion filed July 9, 1932.

*W. P. Waggener, O. P. May, B. P. Waggener, J. M. Challiss*, all of Atchison, and *J. S. Koehler*, of Kansas City, for the appellant.

*T. M. Lillard, Bruce Hurd* and *O. B. Eidson*, all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal brings up for review a decision of the district court of Wyandotte county sustaining a ruling and order of the public service commission permitting the Union Pacific Railroad Company to construct a short switch track across a freight track of the Missouri Pacific Railroad Company, in the railroad yards at Kansas City, in order to connect the tracks of the Union Pacific Railroad Company with those of the Chicago & Great Western Railway Company, to facilitate the interchange of business and the transfer of freight originating on one line for transportation to points on the line of the other. This order was the basis of an in-

junction proceeding brought by the plaintiff against the defendant in Wyandotte county prohibiting any interference with the construction of the crossing track.

It appears that upon application the public service commission determined that there was a necessity for the crossing, and it prescribed the manner in which it should be constructed. An appeal from the decision of the commission was taken by the Missouri Pacific to the district court, where the order was reviewed and the decision of the commission was sustained. Thereafter the Union Pacific brought the injunction proceeding, alleging that the Missouri Pacific was threatening to and would prevent the construction if not enjoined. On a hearing of that case the order of injunction was made restraining the Missouri Pacific.

On one side it is contended that the construction of this line is of such a character that the jurisdiction to grant a certificate of convenience and necessity is in the interstate commerce commission, and the other side contends that it is vested in the public service commission. It is conceded that a certificate of convenience and necessity was not obtained or asked from the interstate commerce commission. It appears that the Union Pacific and the Chicago & Great Western have tracks through the yards at Kansas City, running parallel and near together, but between them is a main freight track of the Missouri Pacific. Prior to the present controversy the Union Pacific Railroad Company and the Chicago & Great Western Railway Company interchanged business over a small railroad line of another company without cost, which afforded a convenient connection. That track came into the ownership of the Missouri Pacific Company and thereafter the Missouri Pacific required the other companies to make the connection for interchange of business over its line at a price of $3.50 for every car transferred. That connection was circuitous, involved some delay and unnecessary expense, and the commission found, upon the testimony and a view of the premises, that there was a necessity for the crossing track, which was about 350 feet long.

It is first contended that the defendant is estopped to make further contention on the question involved in the appeal, urging that it had been presented to and adjudicated between the same parties in a court of competent jurisdiction, and that its judgment has become a finality. It appears that after the application had been made by plaintiff to the public service commission for a certificate of con-

venience and necessity, and before the final order had been made, the defendant brought an action in the United States district court for the district of Kansas, asking for an injunction against proceeding with the hearing of the application before the Kansas public service commission. In its petition, after setting out the capacities of the parties, the location of the lines operated by them near where the proposed connection was to be built, it alleged in effect that the Union Pacific Railroad Company, in violation of the transportation act of 1920, and particularly sections 18-21 thereof, had instituted a proceeding before the public service commission of the state to obtain permission to construct the connecting track across the line of the Missouri Pacific, and .was pressing the same before that tribunal without having obtained from the interstate commerce commission a certificate of convenience and necessity, and that if it is allowed and the track built it will cause irreparable loss of revenue to the Missouri Pacific and endanger the safe operation of the line by the Missouri Pacific Railroad Company and will impede its traffic. The Missouri Pacific Railroad Company therefore asked that the Union Pacific Railroad Company be enjoined from proceeding with its application before the public service commission until it has received from the interstate commerce commission a certificate of convenience and necessity. The case came on to be heard before the federal court, Judge Foster Symes presiding, and upon the facts produced on the vital issue, about which there is no material dispute, it was determined that the permission to construct the connecting track was not a matter within the jurisdiction of the interstate commerce commission, and the relief asked by the defendant was denied. (60 F. 2d 126.)

This is the question which divides the parties in this proceeding, and it is urged that the decision of the federal court was a complete and final adjudication of the question of jurisdiction and precludes a relitigation by either party in a subsequent action. The judgment in the federal court has not been modified or corrected on appeal. Some preliminary steps were taken by the Missouri Pacific Railroad Company towards an appeal from the judgment, but the appeal was thereafter abandoned and the judgment now stands as a finality. The question of whether the jurisdiction to grant permission for the construction of the short track was in the interstate commerce commission or the state public service commission was

actually and completely adjudicated in the judgment of the federal court, and we think it constitutes a bar to a subsequent retrial of the same issue between the same parties in the Kansas tribunal.

In *Rennolds v. Guthrie,* 103 Kan. 829, 177 Pac. 359, the United States district court determined a question between the parties, and later one of them in a state court sought a relitigation and determination of the same issues. In the opinion it was said:

"From the mere statement of the foregoing it should be obvious that this suit cannot be maintained. If any improvident, illegal, or erroneous orders touching the disposition of these rental moneys, or part of them, were made in the federal court, that court had the power to correct and set aside those orders. No other court can do so. When a court has jurisdiction of a subject matter and of the parties, its jurisdiction is exclusive; no other court may meddle therewith, except through the orderly procedure of appeals. Where the subject matter of a lawsuit has been determined in one jurisdiction, it cannot be the subject of another and different lawsuit by the same parties in another jurisdiction. This is elementary law. Nearly fifty years ago this simple, practical and necessary rule was announced:

" 'When a tribunal, having jurisdiction of the subject matter and the parties, has once decided a question, it is *res adjudicata* between those parties, and cannot be relitigated by them in an original proceeding before another tribunal. The party complaining of such decision or judgment should correct it by proceedings in error or appeal; and, failing to do so, he is estopped from further inquiry.' (*Anthony .v. Halderman,* 7 Kan. 50, syl. ¶ 3.)" · (p. 830. Citing other authorities.)

Here there was identity of parties and the capacity in which they appeared; identity of the issues or subject matter controverted and determined, and the question involved was within the jurisdiction of the federal court which rendered the judgment. While the judgment was one that might have been appealed from, it is conceded that no appeal has been perfected, and whatever the effect of the judgment it has become a finality. The appellant here invoked the jurisdiction of the federal court and has allowed its judgment to stand unmodified as an absolute finality. That court in deciding the case clearly stated the issues presented and in connection with its judgment set forth in a memorandum opinion the grounds on which the judgment was based, which makes clear that the issue involved and decided is the same as is involved in the proceedings in the state tribunals. It appears, too, that the decision of that court was brought to the attention of the public service commission before the certificate of convenience and necessity was finally granted, and the judgment and opinion were before the state court in its review of the proceedings before the commission. In

the well-reasoned opinion of the federal court, stating the grounds of its decision, it was stated, among other things, that—

"The transportation act of 1920 requires all common carriers engaged in interstate commerce to obtain permission of the interstate commerce commission before building new track, extending its lines into new territory, abandoning old lines, etc., with the exception (sec. 1, par. 22; tit. 49, U.S.C.A.):

" 'The authority of the commission conferred by paragraphs 19 to 21, both inclusive, shall not extend to the construction or abandonment of spur, industrial, team, switching, or sidetracks, located or to be located wholly within one state, or of street, suburban, or interurban electric railways, which are now operated as a part or parts of a general steam railroad system of transportation.'

"The question is whether this proposed track is within the exception.

"The theory of the transportation act is, that by encouraging and requiring interstate carriers to cut costs, increase their efficiency and expedite service the shipping public is benefited, and cost of transportation reduced, etc.

"Obviously the proposed construction will enable the Union Pacific and the Chicago & Great Western to interchange business in the same manner they did previous to November 30, 1930. The business to be interchanged over this connection consists of freight originating on their respective lines, designated for points upon the other line. As a result, neither the Union Pacific nor the Chicago & Great Western will obtain business they do not now have, nor will it enable them to invade new territory, or deprive the Missouri Pacific of freight originating in its territory. Furthermore, it will effect a great economy both in time and expense, eliminate the Missouri Pacific from the interchange operation and the charge it now makes therefor, and the circuitous movement. The present situation puts an unnecessary burden upon the railroad concerned and the shipping public.

"In my opinion, the contemplated construction is clearly within the exception (*supra*). It cannot be said to be an extension of the Union Pacific lines. Clearly it is within the classification referred to in *Texas & Pacific R. Co. v. Gulf, Colorado & Santa Fe Ry. Co.*, 270 U.S. 266, at 278:

" 'The question whether the construction should be allowed or compelled depends largely upon local conditions, which the state regulating body is peculiarly fitted to appreciate. Moreover, the expenditure involved is ordinarily small.'

"It is too small a matter to require the attention of the interstate commerce commission, and is undoubtedly within one of the exceptions that congress had in mind in enacting the statute referred to."

It is argued that the doctrine of *res adjudicata* does not apply here because of a reservation in the decision of the federal court. After determining the question and rendering judgment, the court remarked that—

"We assume, of course, that the application will be duly considered by the public service commission of Kansas, and that all proper objections presented by the plaintiff will receive careful consideration."

The question of jurisdiction, however, was definitely decided. There was no reservation on that question. In this remark the court simply indicated that the parties were acting in good faith in submitting a legal question which it had determined and the court assumed that in giving effect to its judgment the public service commission would fairly act on the application. Without assuming to supervise the subsequent proceedings or directing the steps to be taken thereafter in the public service commission, or of the parties in the construction of the crossing, the court was simply taking it for granted that proper and legal steps would be taken. The gratuitous and unnecessary remark was not an adjudication and did not in any way minimize or modify the judgment that was rendered. The point presented in this action was put in issue by the pleadings and actually decided by the federal court, and we conclude that the judgment rendered is conclusive upon the appellant.

We do not hesitate to say that if the rule of *res adjudicata* had not been invoked before us, and it became necessary for us to determine the merits of the question adjudicated by the federal court, the grounds expressed by that court for the judgment rendered would have led us to the same conclusion which it reached; that is, that the jurisdiction to herein determine the application for a certificate of convenience and necessity for the construction of the crossing was in the public service commission, and not in the interstate commerce commission.

We discover no error in the record, and our conclusion is that the judgment of the district court of Wyandotte county from which this appeal was taken must be affirmed. It is so ordered.