## LEVINE v. BUICK–OLDS–PONTIAC SALES CO. et al.

### No. 4891.

District Court, S. D. Ohio, W. D.

Feb. 27, 1935.

Gilbert Bettman and Raymond S. Powers, both of Cincinnati, Ohio, for plaintiff.

Dolle, O'Donnell & Cash, of Cincinnati, Ohio, for defendants.

NEVIN, District Judge.

On November 30, 1934, this cause was filed in this court, having been removed from the common pleas court of Hamilton county, Ohio. On December 7, 1934, plaintiff filed a motion asking the court to remand this cause to the common pleas court.

The petition alleges that the Buick-Olds-Pontiac Sales Company is a corporation organized and existing under the laws of the state of Delaware, and that the defendant James D. Jackson "now is, and during all times herein referred to was, a resident and citizen of Cincinnati, Hamilton County, Ohio."

It is the theory of the defendants that the motion to remand should be overruled, because defendants claim that the petition of plaintiff is susceptible of only one construction, and that is that the defendant Buick-Olds-Pontiac Sales Company is charged with the violations of its codefendant, Jackson, only upon the doctrine of respondeat superior.

[1] The whole question depends upon whether or not the petition shows a separable controversy. Such is not shown in the instant case. It may develop in the course of trial that there is no joint liability upon the part of the defendants, in which event plaintiff may be required to elect against which of the defendants he will proceed (French v. Construction Co., 76 Ohio St. 509, 518, 81 N. E. 751, 12 L. R. A. (N. S.) 669), but upon this motion to remand, this court looks only to the allegations of the petition and the record at the time of the removal (American Bridge Co. v. Hunt, 130 F. 302 [C. C. A. 6]; Laden et al. v. Meck et al., 130 F. 877 [C. C. A. 6]; Roberts v. Shelby, etc., Co., 131 F. 729 [C. C. A. 6]; Chesapeake & O. R. Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121).

The motion is sustained and an order may be drawn remanding this cause to the common pleas court of Hamilton county, Ohio, whence it came. On December 27, 1934, defendant Buick-Olds-Pontiac Sales Company, appearing specially for that purpose, filed a motion moving this court to set aside the service of summons herein on the ground that it is illegal and void.

■ In view of the ruling just made remanding this cause to the common pleas

548

court of Hamilton county, Ohio, it is not necessary or proper for this court to pass upon the motion just referred to, to quash service of summons, as this cause should not have been removed to this court in the first instance.