No. 34,261

CHESTER M. NEWELL, *Appellee,* v. THE HARRISON ENGINEERING & CONSTRUCTION CORPORATION, and W. M. POOR, *Appellants.*

(89 P. 2d 869)

Opinion filed May 6, 1939.

*Douglas Hudson* and *Howard Hudson,* both of Fort Scott, for the appellants.

*Sylvan Bruner,* of Pittsburg, *F. P. Sizer, William J. Myers* and *C. E. Reed,* all of Monett, Mo., and *Louis N. Wolf,* of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff, a citizen of Missouri, brought this action to recover damages for injuries alleged to have been received as a result of the joint negligence of the defendants. The amended petition alleged that the defendant, The Harrison Engineering and

Construction Corporation, is a corporation organized under the laws of the state of Delaware; that it was authorized to do business in the state of Kansas, and that the secretary of state of the state of Kansas was authorized to accept service of summons for such corporation. It was alleged that the defendants S. W. Poor and W. M. Poor are partners doing business under the firm name of S. W. Poor and Son, and that these defendants are residents of Bourbon county, Kansas.

Service of summons was had on the defendant W. M. Poor in Bourbon county. No service was obtained on S. W. Poor. Service was had on the construction company through the secretary of state of the state of Kansas.

The construction company filed a motion to quash the service of summons. This motion was overruled. Separate demurrers by the defendants W. M. Poor and the construction company to plaintiff's petition were also overruled. The appeal is from these orders and rulings of the trial court.

The petition alleged that the plaintiff was injured by the negligence of the defendants on the 5th day of September, 1933, near Minden Mines, in the state of Missouri. This action was brought on the 3d day of September, 1937—two days less than four years after the time the cause of action arose.

Under the laws of Kansas (G. S. 1935, 60-306) a tort action must be brought within two years after the cause of action shall have accrued.

Plaintiff contends that the time in which the action must be brought must be determined by the law of Missouri, where the cause of action arose, and in his petition pleads the applicable Missouri statute, which fixes the period of limitation at five years.

Was the action barred by the Kansas statute of limitations? The point has long been at rest in this state.

In *Hoggett v. Emerson,* 8 Kan. 262, the action was on two promissory notes executed in Illinois. Plaintiff alleged that by the laws of Illinois the notes were not barred by the statute of limitations until they had been due sixteen years and that such time had not elapsed. In holding the laws of the forum determined the remedy the court said:

"The objection to the petition was that the notes were barred by the statute of limitations. More than five years had elapsed between the maturity of the notes and the commencement of the suit. To obviate this the petition averred that by the laws of Illinois, where the notes were executed, they were

not barred until they had been due sixteen years, which period had not yet elapsed. But this manifestly makes no difference in the case. The laws of Illinois have no extraterritorial force. Statutes of limitation affect the remedy, and form no part of the contract. The laws of the forum determine the remedy. We must look to the laws of this state to determine whether the action was barred. Section 22 of our code of civil procedure is the only one which refers to the limitation laws of other states. That provides that the limitations prescribed by the other sections of the statute may in some cases be reduced by the limitation law of the state in which the cause of action arose. It makes no provision for any enlargement of the limitations of our laws. . . ." (p. 264.)

In *Crow v. Hartzler*, 103 Kan. 800, 176 Pac. 651, the deceased died in California on June 15, 1913, and more than three years later, on October 18, 1916, the probate court of Sherman county appointed an administrator of her estate in Kansas, claim being filed for board, care and lodging of the deceased during her lifetime and prior to June 15, 1913. It was asserted that the cause of action arose in California between nonresidents of Kansas and that the four-year statute of limitations of California governed the controversy instead of the three-year statute of limitations of Kansas. This court ruled as follows:

"Leaving the question of fact at one side, the California statute cut no figure in the case anyhow. The Kansas statute of limitations fixes the length of time the courts of Kansas are open to litigants. Section 21 of the civil code is a part of the statute. It imports into the law of this state, under certain circumstances, the limitations of other states which have barred action there. But the converse is not true, and the statute does not extend generally the time within which suit may be brought here on a cause of action arising between nonresidents which has not become barred by the more liberal statute of the foreign state. In the latter situation the time within which the action may be brought here must be determined by the law of the forum, taking into account presence or absence of the person to be sued, or other conditioning facts. This was made clear by the decision in the case of *Perry v. Robertson*, 96 Kan. 98, 150 Pac. 223." (p. 801.)

In Restatement, Conflict of Laws, the rule is stated:

"If action is barred by the statute of limitations of the forum, no action can be maintained though action is not barred in the state where the cause of action arose." (Sec. 603.)

See *Coral Gables, Inc., v. Christopher*, 108 Vt. 414, 189 Alt. 147, 109 A. L. R. 474; *L. & N. R. R. Co. v. Burkhart*, 154 Ky. 92, 157 S. W. 18, 46 L. R. A., n. s., 687.

Plaintiff also asserts that our statute, G. S. 1935, 60-310, has some bearing on this case. That section provides:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."

The policy expressed in our statute, G. S. 1935, 60-306, prohibits the maintenance of a tort action in our courts after a lapse of two years. It could be argued, however, that the statute also indicates a policy to permit actions between nonresidents to be brought at any time within the two-year period, although no suit could be maintained in the state where the cause of action arose. This general rule (see Restatement, Conflict of Laws, § 604) is abrogated by our statute, G. S. 1935, 60-310. The policy expressed in this section is not to enlarge the statutory period in other sections of our statutes, but under certain circumstances to narrow the period of limitation. It has no application to the facts of this case, since the petition alleges that the defendant Poor is a resident of Kansas. (*Hoggett v. Emerson* and *Crow v. Hartzler,* supra.) The action was not "between nonresidents of this state."

In order to avoid the statute of limitations, plaintiff raises a novel question. On application of the corporate defendant the case was at one time removed to the federal court, and by order of that court remanded to the state court. Counsel for plaintiff contends that because the petition for removal referred to the statute of limitations, that the order of the federal court in remanding the case was a decision upon the question of the statute of limitations and that the decision on such issue is conclusive and *res judicata.* In support of this theory plaintiff relies upon *Bodley v. National Bank,* 38 Kan. 59, 16 Pac. 88, and cases announcing the general rule as to *res judicata.* (*C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.,* 47 Kan. 766, 29 Pac. 96; *Fletcher v. Kellogg,* 125 Kan. 330, 263 Pac. 1048; *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.,* 136 Kan. 166, 13 P. 2d 276.)

On the other hand, defendants assert that upon a motion to remand the only question is whether the federal court has jurisdiction; that this preliminary question must be determined before a question of law arising upon a demurrer could be decided; that since the federal court in remanding the cause had found that it had no jurisdiction, any judgment it might have made upon the question of the statute of limitations would not be *res judicata;* that after remand the cause proceeds in the state court as before the re-

moval, and that court has control of all the proceedings; that the Kansas cases cited by plaintiff so hold. (*Levinski v. Middlesex Banking Co.*, 92 Fed. 449, 462; *Ayres v. Wiswall*, 112 U. S. 187, 190, 5 Sup. Ct. 90, 28 L. Ed. 693; *Leslie v. Floyd Gas Co.*, 11 F. Supp. 401; *United States v. Dewar*, 18 F. Supp. 981; *Levine v. Buick-Olds-Pontiac Sales Co.*, 12 F. Supp. 547.)

But, however obvious the answer to plaintiff's contention on this point may be, we do not feel that we are called upon to answer the question. As a basis for review, only a portion of the petition for removal is submitted. Neither the motion to remand nor the order of the court remanding the cause is found in the record. If plaintiff desires to urge a claim of *res judicata* he should present a record from which it may be definitely ascertained that a conclusive determination has been made upon the issue in question. In this state of the record we will not speculate on the effect of the ruling made by the federal court. The lacunae in the record preclude a review of the point.

Other questions presented by the record have been considered, but do not require extended comment. For the reasons stated we think plaintiff's cause of action is barred by the Kansas statute of limitations. The demurrers of defendants should have been sustained.

Inasmuch as the plaintiff cannot recover on any theory, the judgment is reversed and the cause remanded with directions to enter judgment for defendants.