NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1295n.06

No. 11-2587

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Dec 18, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| GUY WALKER, JR., | ) | |
| | ) | |
|     Plaintiff-Appellant | ) | ON APPEAL FROM THE UNITED |
| | **)** | STATES DISTRICT COURT FOR |
| v. | **)** | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| ALLEN IVERSON, | ) | |
| | ) | |
|     Defendant-Appellee | ) | |

**BEFORE: MARTIN and GRIFFIN, Circuit Judges; and BECKWITH, Senior District Judge**[*]

**BECKWITH, Senior District Judge.** Plaintiff-Appellant Guy Walker, Jr. appeals from the judgment of the United States District Court for the Eastern District of Michigan granting Defendant-Appellee Allen Iverson's motion for summary judgment on the state tort claims for assault and battery, civil conspiracy, intentional infliction of emotion distress, and negligent supervision against him. For the reasons that follow, we affirm.

Walker's claims against Iverson arise out of an April 11, 2009 brawl in a Detroit nightclub that was allegedly instigated by a member of Iverson's entourage, Antwuan Clisby. Tensions between Iverson's party and Walker's party had been running high all evening, and, after a verbal confrontation, Clisby allegedly "sucker punched" Walker causing a serious eye injury. Although Iverson was not personally involved in the fight, Walker alleged that Iverson was vicariously liable for Clisby's actions under the theory that Clisby acted as Iverson's agent

_____
[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1

during the confrontation and resulting altercation. Walker also alleged that Iverson and Clisby conspired to assault him and that Iverson was liable for negligent supervision of Clisby. Walker adduced scant evidence to support Iverson's liability for his injuries. Walker submitted affidavits from witnesses who stated that shortly before Clisby confronted Walker, Iverson had a whispered conversation with Clisby and then pointed in Walker's direction. Additionally, Walker testified that Clisby admitted that Iverson had sent him over to see if there was a problem.

The district court granted Iverson's motion for summary judgment on each of Walker's claims. As to his agency-based intentional tort claims, the district court found no evidence that Iverson and Clisby agreed to assault Walker or that Iverson directed Clisby to do so. Additionally, citing *Brown v. Brown*, 739 N.W.2d 313 (Mich. 2007), the district court ruled that Iverson could not be vicariously liable as Clisby's principal because Walker did not submit evidence showing that Iverson knew that Clisby had a propensity to commit assault and battery. The district court next determined that the evidence of the whispered conversation between Iverson and Clisby was insufficient to support a reasonable inference that they conspired to assault Walker. Finally, as to Walker's negligent supervision claim, the district court found that Iverson was entitled to summary judgment because there was no evidence that Clisby was present at the nightclub in any capacity other than as Iverson's guest.

Walker filed a timely notice of appeal from the district court's judgment. Walker argues on appeal that in granting Iverson's motion for summary judgment, the district court failed to give him the benefit of all reasonable inferences from the evidence and that its agency analysis was erroneous. We review a district court's grant of summary judgment *de novo. Columbia Gas*

2

*Transmission Corp. v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir. 1991).[1]   After carefully considering the record on appeal, the briefs of the parties, and the applicable law, we find no error in the district court's judgment.   Because the reasoning that supports the judgment for Iverson was clearly and persuasively articulated by the district court, the issuance of a detailed written opinion by us would be unduly duplicative.   The judgment rendered by the Honorable Nancy G. Edmunds, on November 15, 2011, is accordingly **AFFIRMED** on the basis of the reasoning contained in that opinion.

---

[1]Prior to the submission of the case, we *sua sponte* raised the question whether Walker had properly invoked the federal courts' subject matter jurisdiction because the complaint's diversity jurisdiction allegations were based on the parties' residency in a state rather than their citizenship of a state. *See Board of Tr. of Mohican Twp. v. Ashland County, Ohio*, 133 F. 524, 524 (6th Cir. 1904) ("It has been many times decided that an averment that one is a resident of a particular state is not equivalent to an averment that he is a citizen of that state."). Having received Walker's letter brief on this issue, we are satisfied that although the complaint's diversity of citizenship allegations are deficient, complete diversity of citizenship between the parties actually existed at the time the complaint was filed. Accordingly, we conclude that Walker has established federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332(a)(1).