J. A. MONGER, *Appellant*, v. CARL EFFLAND, *Appellee.*

No. 17,767.

### HEADNOTE BY THE REPORTER.

VENDOR AND PURCHASER — *Contract* — *Money in Escrow* — *"Agreed Case."* Under the facts in the agreed case submitted it is held that the real-estate contract as modified by the vendor was not accepted by the purchaser, and that the contract was not completed, and that the money deposited in escrow by the purchaser as earnest money should be returned to the purchaser.

Monger v. Effland.

Appeal from Sumner district court.   Opinion filed .
July 6, 1912.   Affirmed.

*F. A. Dinsmoor,* of Caldwell, for the appellant.
*J. V. Humphrey,* of Junction City, for the appellee.

*Per Curiam:* This was an agreed case submitted
under the provisions of section 549 of the civil code,
without any pleadings and without the introduction
of any evidence other than the agreed statement of
facts.   The purpose of the action was to determine
which of the parties was entitled to withdraw the
sum of $400, deposited by appellee in the Stock Ex-
change Bank of Caldwell, Kansas, *in escrow,* to be de-
livered as a first payment on the purchase price of
the land belonging to appellant, of which one Hembrow
negotiated a sale from appellant to appellee.   At the
time of the deposit, Hembrow and the appellee prepared
a form of contract purporting to set forth the terms
of the sale of the land from appellant to appellee, and
the terms of the payment therefor, and forwarded the
same by mail to appellant in the state of Illinois, the
contract being prepared in duplicate and signed by the
appellee before mailing to appellant.

The contract was received by appellant and signed
and acknowledged in duplicate after he had made
changes therein.   The appellant did not then claim that
the contract was completed, but returned it in dupli-
cate to his agent Hembrow, with a letter which among
other things contained the following:

"You will note that I have made a little change in
contract and made it read the remaining $5700, in-
stead of the above specified $5600.   I return both the
agreements for him to sanction, and also have the one
at the bank changed also.   If this receives his endorse-
ment, return one to me by return mail.   Now if he
accepts this, have the abstract brought down, but I
think it is already. . . . Let me know as soon as
you can for I wrote Mr. Nelson to rent the corn ground
and he should know if it is sold."

On receipt of the duplicate contracts, Hembrow mailed them to the Farmer's State Bank at White City, Kan., near which place the appellee resided, and inclosed this letter:

"Gentlemen: Enclosed please find the abstract to the land which Carl Effland bought. If he accepts the contract with the alterations hand him the abstract, but do not until he does."

About the same time Hembrow wrote the appellee a letter, in part as follows:

"The party accepted the contract which I sent him and pays me the commission. I am mailing the contract to the Farmers State Bank of White City for you to go and get one of them if it is all satisfactory to you. . . . Go to the bank at once and look the contract over and if you are satisfied it is all right, they will deliver you one contract and return the other one to me, if not, tell them and both contracts will be returned to me."

About ten days thereafter the appellee delivered to the Farmer's State Bank a letter, as follows:

"Gentlemen: Concerning matter of my agreement with J. A. Monger of McDonald County, Illinois, I cannot consent to any modifications of that agreement, nor waive any of the conditions or provisions therein contained as he has not furnished me the abstract of title called for in the agreement as specified therein, and it was necessary for me to act promptly in this matter in order to make this agreement available, the same is now hereby declared rescinded by me. Kindly notify Mr. Monger of this decision."

Previously to sending the contracts to the White City bank, Hembrow notified the appellee by letter that the appellant had accepted the contract. No intimation was given as to any change therein. In reply to the letter the appellee stated that he would put the land in the hands of Hembrow, for sale at a price stated.

Shortly after the appellee refused to accept the contract, in a conversation with a witness not interested in the proceedings, he used language to indicate that

he had forfeited the $400 in question, but this may be regarded as his opinion of the law applicable to the case, rather than to a statement of fact.

The evidence also shows that an abstract of the land was forwarded to the bank at White City at the time the contracts were forwarded to the bank by Hembrow, and that the appellee called at the bank and asked for the abstract, and in accordance with the letter from Hembrow to the bank the bank refused to deliver the abstract to the appellee until he accepted the contracts.

The alleged contract specified that appellant was to furnish appellee or his attorney an abstract of title to the land, brought down to date, showing a good and clear title vested in him, within ten days from date of the contract, which was January 28, 1909. It appears that this was never done, and it is one of the grounds upon which the appellee refused to accept or complete a contract. The evidence is all in writing and this court has the same opportunity to consider and weigh it as had the district court. We think under all the evidence that the contract was never consummated or completed; that the appellee had a right, and appellant conceded to him the right, to accept or reject the contract after the changes had been made therein. He rejected the contract and was entitled to withdraw the $400 deposited *in escrow*.

The judgment is affirmed.