THE STOCK EXCHANGE BANK, *Appellee,* v. LAWRIE T. WYKES, *Appellant.*

No. 17,945.

SYLLABUS BY THE COURT.

STATUTE OF LIMITATIONS—*Account between Resident and Nonresident.* A resident of Oklahoma bought goods of a firm in Kansas the last item of which became due January 1, 1907. He continued to reside and remain in Oklahoma until the action was there barred. The account was assigned to the plaintiff, a Kansas bank, which sued in Kansas in June, 1911. *Held,* that as the cause of action did not arise between nonresidents of this state and the defendant was at no time a resident of this state, the action was not barred by section 20 or 21 of the civil code.

Appeal from Sumner district court.  Opinion filed February 8, 1913.  Affirmed.

*F. A. Dinsmoor,* of Caldwell, for the appellant.

*C. C. Ridings,* of Caldwell, and *W. W. Schwinn,* of Wellington, for the appellee.

The opinion of the court was delivered by

WEST, J.:  The defendant, Wykes, lived in Grant county, Oklahoma, and bought meat of his butchers in Caldwell, Kan., from .September, 1902, to December 20, 1906, when there was a balance of $93.23.  The last item became due January 1, 1907, and no payment has been made since December 20, 1906.  The creditors sold and assigned the account to the.plaintiff bank January 3, 1908.  This action by the holder was begun in June, 1911.  On October 13 a judgment was rendered in favor of plaintiff for the face of the account and six per cent interest.  It was agreed that the defendant had been absent from the state of.Kansas most of the time since September 1, 1902, and had not been present in the state as much as one year since that date, and for more than three years since December 20, 1906, had been personally present in Grant county, Oklahoma.

The defendant appeals, and insists that the action was barred by the statute of limitations, and relies on sections 20 and 21 of the civil code.  Section 20 of the code of 1909 (former Civ. Code, § 21) has been construed to apply only to "cases where the defendant resides in the state when the cause of action accrues but is either out of the state or has absconded or concealed himself."  (*Bruner v. Martin,* 76 Kan. 862, 869, 93 Pac. 165.)  The defendant did not reside in this state when the cause of action accrued, and hence this section does not apply.  (*Conlon v. Lanphear,* 37 Kan. 431, 15 Pac. 600; *Williams v. Railway Co.,* 68 Kan. 17, 74 Pac. 600.)

Section 21 provides that:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action can not be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."

It was agreed that the action was barred by the statutes of Oklahoma. Certainly the cause of action did not arise anywhere between nonresidents of this state, and therefore it was not barred by section 21. (*Land Co. v. Bassett,* 85 Kan. 48, 116 Pac. 475.)

The judgment is affirmed.