No. 21,652.

*In re* THE ESTATE OF ELIZABETH A. KLING, deceased (L. F. CROW, *Appellant*, v. JOHN HARTZLER, as Administrator, etc., *Appellee*).

### SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Action Arising between Nonresidents—Law of the Forum Governs.* Section 21 of the civil code imports into the statute of limitations of this state, under certain conditions, the limitations of other states which have barred action there; but the converse is not true, and the section does not extend generally the time within which suit may be brought here on a cause of action arising between nonresidents, which has not become barred by the more liberal statute of the foreign state.

2. SAME. The rule stated applied, and *held,* the four-year statute of limitations of California did not govern a claim by a resident of California against the estate in this state of a person who died a resident of California, but the claim was barred by the three-year statute of limitations of this state.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed December 7, 1918. Affirmed.

*E. F. Murphy,* of Goodland, for the appellant.

*John Hartzler,* of Goodland, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The district court sustained a demurrer to the plaintiff's evidence in support of a claim against the estate of a deceased person, on the ground the claim was barred by the statute of limitations. The plaintiff appeals.

Elizabeth Kling died intestate in California on June 15, 1913. She left property in Sherman county, Kansas, and on October 18, 1916, the probate court of that county appointed an administrator of her estate. In February following, the plaintiff presented a claim for board, care and lodging of the deceased in her lifetime, for doctors' bills incurred in her last illness, and for her funeral expenses. The probate court disallowed the claim, and an appeal was taken to the district court. At the trial in the district court the evidence consisted of the probate-court files and certain depositions taken in California, one of them being a deposition proving applicability of the

four-year statute of limitations of that state to a claim of this character. The plaintiff is a resident of the state of California. His contention was that Elizabeth Kling was a resident of California at the time of her death, that the cause of action arose in California between nonresidents of this state, and that the four-year statute of limitations of California governed the controversy, instead of the three-year statute of limitation of this state, because of the provisions of section 21 of the code of civil procedure, which reads as follows:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state." (Gen. Stat. 1915, § 6911.)

The adverse ruling of the district court may have been rested on matter of fact or on matter of law.

The administrator does not appear to have been represented at the taking of the depositions in California. Much of the evidence taken was subject to objection as incompetent, irrelevant, and immaterial. Personal transactions with the deceased were attempted to be proved, and witnesses stated inadmissible opinions and conclusions respecting material facts. In due time the administrator filed a motion to suppress the objectionable testimony. The plaintiff makes no mention of this motion in his abstract, does not show what became of it, and filed no transcript showing the proceedings at the trial with reference to the admission and rejection of evidence. Under these circumstances it should be presumed, in support of the judgment, that the district court refused to admit the improper evidence. If this were done, there was no substantial evidence that the deceased, who formerly resided in Kansas, became a resident of California, and the California statute of limitations cut no figure in the case.

Leaving the question of fact at one side, the California statute cut no figure in the case anyhow. The Kansas statute of limitations fixes the length of time the courts of Kansas are open to litigants. Section 21 of the civil code is a part of the statute. It imports into the law of this state, under certain circumstances, the limitations of other states *which have barred action there.* But the converse is not true, and the

51—Kan.—3099.

statute does not extend generally the time within which suit may be brought here on a cause of action arising between non-residents which has not become barred by the more liberal statute of the foreign state. In the latter situation the time within which the action may be brought here must be determined by the law of the forum, taking into account presence or absence of the person to be sued, or other conditioning facts. This was made clear by the decision in the case of *Perry v. Robertson,* 96 Kan. 96, 98, 150 Pac. 223.

Applying what has been said, the statute of this state did not start to run against the plaintiff's claim while the deceased was out of the state and was residing in California. When she died, her estate here was subject to appropriation for the payment of her debts. After an interval of time which will be considered presently, the situation became the same as if the deceased were alive and had returned to this state. The claims of creditors became enforceable here, and the statute of limitations then commenced to run against them.

The death of a debtor operates to suspend the statute of limitations, but not indefinitely. The statute is one of repose, and a creditor must act with diligence to enforce his claim, or he will lose it. If those who have the first right fail to take out letters of administration, the creditor may bring into existence a representative of the estate. He is obliged to wait only fifty days (Executors and Administrators Act, § 12, Gen. Stat. 1915, § 4496), and he must then act within the proper period of the statute of limitations—in this case three years—or be barred. (*Bauserman v. Charlotte,* 46 Kan. 480, 26 Pac. 1051; *Brown v. Baxter,* 77 Kan. 97, 94 Pac. 155, 574.) It is not strictly accurate to say that the death of the debtor in this case operated to suspend the statute of this state, because she had not been here, and the statute had not commenced to run; but her estate was here, and could be moved against after her death, as indicated. The plaintiff made no effort to procure administration, and no administrator was appointed until three years and 125 days had elapsed following the debtor's demise.

The conclusion is, the demurrer to the evidence was properly sustained, and the judgment of the district court is affirmed.