### PANHANDLE EASTERN PIPE LINE CO. v. PARISH et ux.
### No. 3587.

Circuit Court of Appeals, Tenth Circuit.

May 10, 1948.

Mark H. Adams, of Wichita, Kan. (Charles E. Jones, of Wichita, Kan., Wm. I. Robinson, of Washington, D. C., Arthur G. Logan, of Wilmington, Del., and C. R. Kirkbride of Kansas City, Mo., on the brief), for appellant.

Dupuy G. Warrick of Kansas City, Mo. (Charles F. Lamkin, Jr., of Kansas City, Mo., W. F. Lilleston, of Wichita, Kan., Warrick, Brewer & Lamkin, of Kansas City, Mo., and Carey, Lilleston, Spradling & Gott of Wichita, Kan., were with him on the brief) for Appellees.

Before PHILLIPS, BRATTON and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Panhandle Eastern Pipe Line Company instituted this action in the district court of Grant County, Kansas, against Frank P. Parish and Theodore F. Parish, husband and wife. The cause of action pleaded in the petition was that plaintiff was a corporation organized under the laws of Delaware and authorized to do business in Kansas; that the defendants were residents and citizens of Maryland; that in 1930, the defendant Frank P. Parish was president of plaintiff corporation and the holder of a majority of its outstanding stock; that during that year he fraudulently misappropriated and converted to his own use and benefit property or funds of the plaintiff in the aggregate amount of $281,896.-35; that such misappropriation and conversion took place in New York; that plaintiff did not know or have occasion to know of the fraud until 1935; that at the time the fraud occurred, the defendants resided in New York; that they later resided in Michigan; that the action did not become barred by limitation in either state; that at all times after the cause of action arose, the defendants were nonresidents of Kansas; that in 1937, the defendant Frank P. Parish acquired certain oil and gas leases in Kansas; that in 1939, he executed a purported assignment of the leases to the defendant Theodore F. Parish; and that the assignment was executed in fraud of the creditors of the defendants and did not pass title to the defendant Theodore F. Parish. The prayer was that a writ of attachment issue for levy upon such oil and

See also 6 F.R.D. 340.

240

gas leases and any other property owned by the defendants; that plaintiff have judgment against the defendants for $281,-896.35, with interest; that the attachment lien be enforced, the property sold, and the amount due plaintiff paid out of the proceeds of the sale; and that the balance if any returned into court to abide the further order of the court. The oil and gas leases were attached. Process was served by publication and personal service was had upon the defendants in Maryland. The cause was seasonably removed to the United States Court. The defendants interposed separate motions to dismiss the action on the ground that the petition failed to state a claim upon which relief could be granted. The motions were sustained; the action was dismissed; and plaintiff appealed. For convenience, reference will be made to the parties as they appeared in the trial court.

■ Federal Rules of Civil Procedure, rule 9(f), 28 U.S.C.A. following section 723c, provides that for the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like other averments of material matter. Under that rule, where it affirmatively appears from the face of a complaint that the action pleaded is barred by the statute of limitations, the defense can be raised by motion to dismiss. Gossard v. Gossard, 10 Cir., 149 F.2d 111. The motions to dismiss the action did not specify or particularize that it affirmatively appeared from the face of the petition that the action was barred by limitation. Instead, they were couched in the general language that the petition failed to state a claim upon which relief could be granted. But the parties treat the motions as appropriately presenting the defense that the petition affirmatively disclosed that the cause of action was barred by limitation, and we shall treat them in the same manner.

■ The pertinent part of section 60-306, General Statutes of Kansas 1935, provides that a civil action, other than for the recovery of land, seeking relief on the ground of fraud shall be brought within two years after the cause of action shall have accrued; and that the cause shall not be deemed to have accrued until after discovery of the fraud. And section 60-309 provides that if a person be out of the state when a cause of action accrues against him, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and that if he departs from the state or absconds or conceals himself after the cause of action accrues, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought. In certain cases, the Supreme Court of Kansas held that section 60-309 applies only where the defendant resided in Kansas when the cause of action accrued but was out of the state or had absconded or concealed himself; and that it has no application where the defendant did not reside in the state at the time of the accrual of the cause of action. Bruner v. Martin, 76 Kan. 862, 93 P. 165, 14 L.R.A.,N.S., 775, 123 Am.St.Rep. 172, 14 Ann.Cas. 39; Stock Exchange Bank of Wykes, 88 Kan. 750, 129 P. 1131. In other cases, the court applied the statute with controlling effect where the defendant was a nonresident of the state at the time the cause of action accrued. Gibson v. Simmons, 77 Kan. 461, 94 P. 1013; Kirk v. Andrew, 78 Kan. 612, 97 P. 797; Hendricks v. Brooks, 80 Kan. 1, 101 P. 622, 133 Am.St.Rep. 186. Be that seeming conflict as it may, the case of Herthel v. Barth, 148 Kan. 308, 81 P.2d 19, 119 A.L.R. 326, was an action to impress a constructive trust upon land in Kansas. The defendants were nonresidents of Kansas. They pleaded the statute of limitations, and the plea was sustained. The court held in effect that the action was one in rem; that the suit to affect the res could have been instituted and service had by publication at any time after the cause of action accrued; and that the relief sought being against the res within the state, the statute of limitations was not tolled by the nonresidence of the defendants. And, in the later case of Causemaker v. DeRoo, 153 Kan. 648, 113 P.2d 85, the facts were that in 1925 Arthur DeRoo and his wife Mina L. DeRoo executed their note payable to Arthur Causemaker, due one year from

date. All of the parties were residents of Illinois. None of them ever resided in Kansas. Mina L. DeRoo owned a tract of land in Kansas, and in 1936 Arthur DeRoo and Mina L. DeRoo conveyed it by quitclaim deed to their son, Arthur Francis DeRoo. In 1939, Causemaker brought in the state court of Kansas an action on the note and caused the land to be attached. Service of process was had by publication and judgment in rem was entered enforcing the attachment lien. Soon after entry of the judgment in that case, Causemaker filed a separate action to set aside the quitclaim deed on the ground that it was executed in fraud of his rights as a creditor of the grantors. Arthur DeRoo, Mina L. DeRoo and Arthur Francis DeRoo were joined as defendants. The court said in effect that under the law of Kansas a cause of action to set aside a conveyance alleged to have been executed in fraud of a creditor does not accrue until the debt has been reduced to judgment; that a creditor cannot postpone indefinitely the accrual of his cause of action to set aside a conveyance fraudulently executed by undue delay in bringing an action to reduce his debt to judgment or by dilatory prosecution of such action to finality after it has been commenced; that after the cause of action on the note accrued and after being discharged with constructive notice of the conveyance of the land, Causemaker waited more than three years to institute the action on the note and cause the land to be attached and thus get himself in position to attack the deed on the ground that it was executed in fraud of his rights; and that since the action on the note was not commenced within the applicable statute of limitations, the suit to set aside the conveyance was barred by laches. The rationale of Herthel v. Barth, and of Causemaker v. DeRoo, is that where a debtor is a nonresident of Kansas but owns land or an interest in land in that state, of which the creditor has actual or constructive notice and against which he can proceed in rem or quasi in rem, the creditor must institute a suit of that kind within the statutory period or the action becomes barred. He cannot remain completely inactive until after the statutory period has run, then file suit in rem or quasi in rem in the identical form in which he could have filed it within the statutory period, and thereafter be heard to say that the nonresidence of the defendant tolled the statute and therefore the action was not barred.

■ Here, the cause of action pleaded in the petition accrued in 1930. Plaintiff had notice in 1938 that the defendant Frank P. Parish owned the leases in Kansas, and it had notice in 1939 that he conveyed them to the defendant Theodore F. Parish. At any time after notice of his ownership of the leases, plaintiff could have instituted the action in the state court and caused the leases to be attached. That would have been an action quasi in rem against the leasehold estate. But plaintiff failed to take any steps whatever until 1944. The suit was not filed until approximately six years after it could have been commenced in the identical form in which it was finally instituted. Even though the defendants were nonresidents of Kansas, the statute was not tolled in respect to the action quasi in rem to enforce the attachment lien against the res located in the state. Herthel v. Barth, supra; Causemaker v. DeRoo, supra.

■ Plaintiff places strong reliance upon section 60-310, General Statutes of Kansas 1935. That section provides in substance that where a cause of action has arisen in another state, between nonresidents of Kansas, and by the laws of the state where the cause of action arose an action cannot be maintained upon it, no action can be maintained upon it in Kansas. The statute is clear. Under its terms, where the action is between nonresidents of Kansas upon a cause of action which did not arise in Kansas, and the defendant has resided in another state for a sufficient length of time that the action on the claim has become barred there, it is barred in Kansas. Hays Land & Investment Co. v. Bassett, 85 Kan. 48, 116 P. 475; Perry v. Robertson, 96 Kan. 96, 150 P. 223. But the converse of that is not true. The statute does not undertake to extend generally the time within which suit may be commenced in Kansas on a cause of action arising in another state between nonresidents of Kansas which has not become barred by the laws of a foreign state in which the de-

fendant resides or has resided. Crow v. Hartzler, 103 Kan. 800, 176 P. 651; Newell v. Harrison Engineering and Construction Corporation, 149 Kan. 838, 89 P.2d 869; Leonard v. Kleitz, 155 Kan. 626, 127 P.2d 421. The complaint alleged facts showing that the action was not barred by the foreign state in which the cause of action arose or by the laws of the foreign states in which the defendants resided. But that did not extend the time within which the action could be instituted beyond the period specified in the statutes of Kansas. Crow v. Hartzler, supra; Newell v. Harrison Engineering and Construction Corporation supra; Leonard v. Kleitz, supra.

The judgment is affirmed.