## CHRISTIAN v. KINT et al.
### No. 6018.

United States District Court
W. D. Missouri, W. D.

Jan. 17, 1950.

Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for plaintiff.

Caldwell, Downing, Noble & Garrity, Kansas City, Mo., for defendants.

RIDGE, District Judge.

Plaintiff, a citizen and resident of the State of Kansas, alleges in his complaint that on May 28, 1945, he sustained personal injuries when a street car he was then operating in the State of Kansas, collided with a tractor and trailer operated by defendants, as a result of the negligence of the latter. Defendants, citizens and residents of the State of Iowa, were temporarily in the State of Kansas, at the time of the collision. The instant action was begun in a court of the State of Missouri, September 24, 1949, and removed to this

Court October 22, 1949. The foregoing facts appearing on the face of the complaint, defendants move to dismiss this action on the ground that it is barred by applicable statutes of limitation of the States of Missouri and Kansas.

■ Although the instant action accrued in the State of Kansas, it may be maintained in the courts of the State of Missouri, under Section 1014, R.S.Mo.1939, Mo.R.S.A., within five years of the time of its accrual, unless, under applicable Kansas Statutes of limitation it has previously been barred. Section 1021, R.S.Mo.1939, Mo. R.S.A., provides: "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." By Section 60-306, Gen.Stat. of Kansas 1935, an action for tort must be brought within two years after the cause of action accrues. Ericson v. Charles, 108 Kan. 205, 194 P. 652. Therefore, if this action is barred by the aforementioned Kansas Statute of Limitation, it may not be maintained in this United States District Court, situate as it is within the State of Missouri. State statutes of limitation, in actions such as this, are rules of decision in the federal courts, and binding on the latter. Moore v. Illinois Cent. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Amy v. City of Dubuque, 98 U.S. 470, 25 L.Ed. 228; Michigan Ins. Bank v. Eldred, 130 U.S. 693, 9 S.Ct. 690, 32 L.Ed. 1080; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

Plaintiff, however, says that defendants being non-residents of the State of Kansas at the time of the accrual of the instant action and never having been residents of said State since that time, this action is not barred by the aforesaid Kansas two-year statute of limitation, by virtue of the exception contained in Section 60-309, Gen. Statutes of Kansas 1935, and as that Section has been construed by the Supreme Court of the State of Kansas, in Moore v. Cox et al., 142 Kan. 25, 45 P.2d 883; Gibson v. Simmons, 77 Kan. 461, 94 P. 1013; Watts v. Myers, 93 Kan. 824, 145

P. 827; and Kirk v. Andrew, 78 Kan. 612, 97 P. 797. Section 60-309, Gen.Stat. of Kansas 1935, reads as follows: "If when a cause of action accrues against a person he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed; and if after the cause of action accrues he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought: * * *."

In the opinions of the Supreme Court of Kansas, supra, relied on by plaintiff, construing Section 60-309 of the Kansas statutes of limitation, there is language to the effect that in computing the period of limitation provided in Kansas Statutes, "the time of the debtor's absence from the state shall not be computed as any part thereof." That "the plain meaning of (that) statute is that the defendant can avail himself of all the time he is present within the state, but absence from the state suspends the running of the statute, whether it occurs at the accruing of the action or afterward." In only one of the cases so relied on by plaintiff did the cause of action therein considered accrue in Kansas at a time when the defendant was a non-resident of that state. Moore v. Cox, supra. However, in that action the opinion of the Court indicates that the statute of limitation there considered may have been tolled by reason of a subsequent promise made by the defendant in that action, within the limitation period. Said opinions are not, in consequence of the rulings of the same Court, in Bruner v. Martin, 76 Kan. 862, 93 P. 165, 14 L.R.A.,N.S., 775, 123 Am.St.Rep. 172, 14 Ann.Cas. 39, and Stock Exch. Bank v. Wykes, 88 Kan. 750, 129 P. 1131, as enlightening as plaintiff asserts they are, as to just what is the position of the Supreme Court of Kansas regarding the tolling of Kansas statutes of limitation when a defendant is a non-resident and a cause of action accrues in Kansas by virtue of his tort. In Bruner v. Martin, supra, the Court said [76 Kan.

862, 93 P. 167]: "We find no difficulty in giving to section 21 (now Sec. 60-309, supra) the effect and operation given to it every day, and which it has always had. It applies only to cases where the defendant *resides* in the state when the cause of action accrues but is either out of the state or has absconded or concealed himself." (Italics supplied.) In consequence of that language in the Bruner case, defendants contend that Section 60-309, supra, has no application to defendants who were not residents of Kansas at the time the instant cause of action accrued and, therefore, the two-year Statute of Kansas, supra, is a complete bar to the maintenance of this action.

In Bruner v. Martin, supra, and Stock Exch. Bank v. Wykes, supra, relied on by defendants here, the causes of action there determined did not accrue in the State of Kansas. The former accrued in Missouri, the latter in Oklahoma. In the Bruner case, the Supreme Court of Kansas applied a Missouri statute of limitation, under a Kansas "borrowing" statute similar to Section 1021, R.S.Mo., supra. All parties to that action were non-residents of Kansas. Notwithstanding the statement of the Court that Section 21, now 60-309, of the Kansas statutes of limitation only applies "where the defendant resides in the state when the cause of action accrues", the effect of the ruling there made was that said section was inapplicable where the cause of action accrues outside the State of Kansas, and the parties were all residents of some other state. In Stock Exch. Bank v. Wykes, a suit on account, accruing in Kansas, against a resident of Oklahoma, the Court said [88 Kan. 750, 129 P. 1131], "the defendant did not reside in this state when the cause of action accrued, and hence this section (now 60-309, supra) does not apply." Nevertheless, the Court sustained a judgment entered in favor of plaintiff in that case, when instituted after the applicable limitation period. The effect of such ruling is that general statutes of limitation of Kansas are not tolled in favor of non-residents on causes of actions accruing in that state. Defendants also rely on Panhandle Eastern Pipe Line Co. v. Parish, et al., 10 Cir., 168 F.2d 238, a suit *in rem*, to set aside a fraudulent conveyance. We need not discuss the facts in that case, or the limitation laws of Kansas concerning actions *in rem*. They are patently distinguishable from the case at bar.

█ Though the afore-cited authorities of the Supreme Court of Kansas leave one in a quandry as to what is the real position assumed by that Court, so far as the statutes of limitation of Kansas are applicable to facts such as are involved in the instant action; yet there is a decision of that Court, in Williams v. Metropolitan Street Ry. Co., 68 Kan. 17, 74 P. 600, 64 L.R.A. 794, 104 Am.St.Rep. 377, 1 Ann.Cas. 6, which, in our opinion, clarifies that situation and is a direct ruling, consonant with the weight of accepted authority, that the general rule (34 Am.Jur., p. 181, Sec. 244) that statutes providing that the period of limitation shall not run in favor of a debtor who is absent from or out of the state, extends to persons who have never resided in the state, as well as to citizens who may be temporarily absent, is the law of Kansas; and, that whether a defendant be a resident of the State of Kansas or temporarily absent, or whether he is a non-resident, he is equally within the exception provided in Section 60-309, supra. In Williams v. Metropolitan Street Ry. Co., supra, the Supreme Court of Kansas ruled, that a foreign corporation, though doing business in Kansas throughout the two-year period of limitation for the bringing of an action for tort, and subject to service of process in Kansas during that time, was "out of the state" within the meaning of Section 21, now 60-309, of the limitation laws of Kansas, and was amendable to suit by a citizen of Kansas on a cause of action therein accruing, seven years afterward. The Court there held that a foreign corporation · was a "person" within the meaning of Section 60-309, supra, and gave it the same effect as if an individual was defendant in the action. The Court said, 74 P. 604, "the word 'person' being applicable to corporations as well as to individuals, it was obvious that when the cause of action accrued the corporation was 'out of the state.'" In light of

the ruling there made, that then Section 21 of the Kansas Code, now 60-309, created an exception, tolling the statute of limitation, as to non-residents, at the time of the accrual of a cause of action in Kansas, we do not believe that the instant action would be held to be barred if instituted in the state courts of Kansas, and service of process could there be had on defendant. See also Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316. Where state statutes of limitation are looked to by the federal courts, state decisions construing the same must be followed; Mills v. Scott, 94 U.S. 25, 25 L.Ed. 294; Weems v. Carter, 4 Cir., 30 F.2d 202; and in the absence of a settled decision of the subject, we must give to such statutes a construction which we believe the court of the state would give if the identical proposition was submitted to it. Crawford County Tr. & Sav. Bk. v. Crawford County, Iowa, 8 Cir., 66 F.2d 971, certiorari denied 291 U.S. 664, 54 S.Ct. 439, 78 L.Ed. 1055. Defendants being non-residents of the State of Kansas at the time of the accrual of the instant action, and, therefore, being "out of the state", the two-year limitation statute of Kansas, applicable to tort actions, is no bar to the present action, in light of the provisions of Section 60-309, General Statutes of Kansas 1935.

Defendants' motion to dismiss this action is by the Court overruled.